UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Barbara Mays,<br>Plaintiff,<br><br>v.<br><br>Belk, Inc.,<br>Defendant, | CASE NO.: _____<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

1. This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.* and the US Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §621-634.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on basis of age discrimination was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from EEOC on or about January 21, 2026.

   c. This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3. The Plaintiff, Barbara Mays, is a citizen and resident of the State of South Carolina, and resides in Dorchester County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. The Defendant, Belk, Inc., upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

1

7.   The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

8.   The Defendant employs twenty (20) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

9.   The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. In or around December 2024, the Plaintiff began working for the Defendant as a beauty consultant.

11. The Plaintiff was fifty-four (54) years old at the time of the events and was an older employee as defined by the ADEA of 1967, as amended, 29 U.S.C. §630.

12. The Plaintiff was subjected to discrimination and harassment on the basis of her age by the Belk Clinique representative, Karen Hernandez, and the Human Resources representative, Johnetta Greene.  Ms. Hernandez asked the Plaintiff how old she was while Plaintiff was assisting a customer.

13. Ms. Hernandez asked the Plaintiff how old she was while Plaintiff was assisting a customer, inferring she was too old to be working at her job.

14. The Plaintiff inquired about a position as counter manager many times and applied for the position in or around February 2025, but the Plaintiff was passed over for a younger employee, despite the Plaintiff having the qualifications.  Ms. Greene took the posting for the position down once the Plaintiff inquired about the position.

15. The Plaintiff was having trouble getting the application for time management to download onto her phone, and Plaintiff was eventually written up for tardiness, so the Plaintiff started keeping logs of what time she entered the building.

16. In or around January 2025, the Plaintiff was accused of stealing by the loss prevention representative.  He told Plaintiff that they had her on camera footage, and Plaintiff denied it.  He gave Plaintiff a piece of paper and told her to write down her statement.  Plaintiff complied, indicating she had a clear bag as required and that she had purchased what was in the bag.  Plaintiff left for a break, and when she returned Plaintiff is told that she was suspended effective immediately and was "perp" walked out of the store.  Said reason was a mere pretext for her age-related termination.

2

17. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of discrimination and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

18. Plaintiff was then terminated on or about April 20, 2025, for allegedly "stealing," said reason being totally pretextual in nature. The Defendant began telling other employees that Plaintiff was terminated for stealing, which was not true.

## FOR A FIRST CAUSE OF ACTION
### Violation of Age Discrimination in Employment Act

19. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

20. Plaintiff was a member of a protected group on the basis of her age. Plaintiff was an employee for a position that she was qualified for and was an individual over forty (40) years old. Plaintiff was retaliated against discharged from her position due to her age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the ADEA of 1967, as amended, 29 U.S.C. §630.

21. Defendant was wanton, and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to promote or continue to employ Plaintiff due to her age;

   b. In retaliating against Plaintiff by terminating and showing disparate treatment against Plaintiff; and

   c. By Defendant hiring, training, and replacing the Plaintiff with a younger individual with less experience.

22. Defendant violated ADEA of 1967, as amended, 29 U.S.C. §630 by allowing the discrimination to exist in the workplace.

23. Plaintiff's age was a determining factor in the retaliation, disparate treatment and termination of the Plaintiff. But for the Plaintiff's age, she would not have been terminated.

24. As a direct and proximate result of the acts and practices of Defendant in the discrimination, retaliation and disparate treatment of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from loss of income, loss of benefits, other past and future losses, and attorney fees and costs.

## FOR A SECOND CAUSE OF ACTION
### Slander

25. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

3

26. That the Defendant, its agents and servants, have slandered Plaintiff by publishing by spoken words false, untrue information about her, wrongfully stating that she was terminated for stealing, thereby harming Plaintiff's reputation.

27. By escorting Plaintiff out of the store, Defendant's slandered Plaintiff by indicating she had done something illegal, thereby slandering the Plaintiff.

28. That as a direct and proximate result of the aforesaid conduct of the Defendant, its agents and servants, Plaintiff has been damaged as aforesaid, both actual and punitive, in such an amount as a trier of fact may award.

## REQUEST FOR RELIEF

29. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

30. Due to the acts of the Defendant, Plaintiff suffered disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

31. That by reason of such wrongful acts of the Defendant, Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by said damages to be doubled;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact said amount to be doubled; and

5. Judgment against Defendant, in such an amount of attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

*(Signature on following page)*

4

**WIGGER LAW FIRM, INC.**


*s/Jarrel L. Wigger*
Jarrel L. Wigger (Fed. ID# 6345)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
April 2, 2026.