**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Barbara Mays,<br><br>Plaintiff,<br>v.<br>Belk, Inc.,<br><br>Defendant. | Case No. 2:26-1400-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 15) recommending Defendant's motion to compel arbitration (Dkt. No. 7) be granted and this action stayed pending arbitration. Plaintiff filed objections to the R&R to which Defendant filed a reply. (Dkt. Nos. 16, 17). For the reasons stated below, the Court adopts the R&R as the order of the Court, grants Defendant's motion to compel arbitration, and stays this matter pending arbitration.

## I. Background

Plaintiff is Defendant's former employee and sued for violation of Title VII and the ADEA. Defendant moved to compel arbitration and put forward two arbitration agreements it alleged Plaintiff signed which cover the instant claims. (Dkt. No. 15 at 2, 10-11) (discussing 2023 and 2024 arbitration agreements). Relying on an affidavit submitted by Cathy Halstead, Defendant's Vice President of Associate Relations, the R&R describes in detail the process by which employees electronically view, acknowledge, and accept training and policy documents. (*Id.* at 5-7) (explaining, for example, that no employee of Defendant has ability to access another employee's Workday password or ability to acknowledge polices in Workday on another employee's behalf

and that Plaintiff clicked "I Agree" to sign both arbitration agreements). In response to Defendant's motion, Plaintiff submitted a five-paragraph affidavit wherein she states in pertinent part, "I have never electronically signed an Arbitration Agreement as alleged by the Defendant." (Dkt. No. 10-2 at 2).

On July 28, 2026, the Magistrate Judge issued an R&R recommending that Defendant's motion to compel arbitration be granted. (Dkt. No. 15). Plaintiff filed objections to the R&R to which Defendant filed a reply. (Dkt. Nos. 16, 17).

Defendant's motion is ripe for disposition.

## II. Legal Standards

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### B. Motion to Compel Arbitration under the FAA

Once a litigant moves to compel arbitration under the FAA, 9 U.S.C. §§ 1 *et seq.*, the district court determines whether a matter should be resolved through arbitration depending on (1) whether a valid arbitration agreement exist and (2) whether the dispute falls within the substantive scope of the arbitration agreement. *AT&T Tech. Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643,

651 (1986). The Supreme Court has consistently encouraged a "healthy regard for the federal policy favoring arbitration." *Levin v. Alms and Associates, Inc.*, 634 F.3d 260, 266 (4th Cir. 2011).

"Even though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate." *Arrants v. Buck*, 130 F.3d 636, 640 (4th Cir. 1997). Section 4 of the FAA requires the district court to "decide whether the parties have formed an agreement to arbitrate." *Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 234 n.9 (2019). The question of whether an arbitration agreement has been formed is one of contract law, and ordinary state law principles apply. *See First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). When a party "unequivocally denies 'that an arbitration agreement exists,' " that party bears the burden of coming forward with "sufficient facts" to support her position. *Berkeley Cnty. Sch. Dist.*, 944 F.3d at 234. The standard to decide whether the party has presented "sufficient facts" is "akin to the burden on summary judgment," and the court may consider matters outside the pleadings. *Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 564 (4th Cir. 2015). The trial provision of Section 4 is invoked only where "the record reveals a genuine dispute of material fact 'regarding the existence of an agreement to arbitrate.' " *Berkley Cnty. Sch. Dist.*, 944 F.3d at 234. Where there is no genuine dispute of material fact an agreement exists, the court will compel arbitration.

## III. Discussion

After a careful review of the record and the R&R, and a de novo review of those parts to which Plaintiff objected, the Court finds that the Magistrate Judge ably determined that Defendant's motion to compel arbitration should be granted. Namely, the R&R correctly determined that Plaintiff's bare statement that she did not sign the arbitration agreements cannot create a genuine issue of material fact precluding granting Defendant's motion. Plaintiff objects

that the R&R erred by finding Plaintiff's affidavit did not create a genuine dispute of material fact or warrant allowing Plaintiff to engage in discovery. *See, e.g.*, (Dkt. No. 16 at 2-4) (arguing third parties could have executed arbitration agreements on Plaintiff's behalf but putting forth no concrete allegation or objective corroboration that Defendant forged Plaintiff's signature twice). But the R&R's recommendation is squarely in line with this Court's prior decisions which have rejected exactly the same type of objections which Plaintiff puts forward here.

For example, in *Palmer v. Johns Island Post Acute, LLC*, No. 2:22-CV-3432-RMG, 2023 WL 4117366, (D.S.C. June 22, 2023), this Court granted the defendant's motion to compel arbitration. In response to detailed evidence that the plaintiff had electronically signed an arbitration agreement, the plaintiff submitted an affidavit stating he refused to and did not sign the arbitration agreement. *Id.* at *2. The Court found that plaintiff's affidavit was "not sufficient to create a dispute of material fact." *Id.* at *3. The Court highlighted that Plaintiff had not offered "any corroborating evidence . . . [or] support[ed] his allegations with any other specific evidence." *Id.* The Court concluded that, "A party's self-serving statement cannot by itself defeat summary a motion to compel arbitration." *Id.* (citing *Snow v. Genesis Eldercare Rehabilitation Servs., LLC*, 2023 WL 371085, at *3 (D.S.C. Jan. 24, 2023)); *see also CTB, Inc. v. Hog Slat, Inc.*, 954 F.3d 647, 658 (4th Cir. 2020) ("A party's self-serving opinion ... cannot, absent objective corroboration, defeat summary judgment.").

In line with *Palmer*, the Court overrules Plaintiff's objections. *See also Zafari v. KBR Wyle Servs., LLC*, No. CV JKB-25-02214, 2026 WL 1893791, (D. Md. July 1, 2026) (granting motion to compel arbitration where defendant documented process showing plaintiff signed agreement and plaintiff asserted "she does not recall executing the Agreement"—noting defendant's "overwhelming evidence that Plaintiff did indeed click on and agree to the Agreement" and

concluding that "Plaintiff's assertion that she does not recall agreeing to an arbitration agreement does not carry the day"). In sum, Plaintiff has not created a genuine dispute of material fact as to whether she signed the arbitration agreements. *See Chorley Enterprises, Inc. v. Dickey's Barbecue Restaurants, Inc.*, 807 F.3d 553, 564 (4th Cir. 2015) (party resisting arbitration "must also show sufficient facts in support").

**Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 15) as the Order of the Court, **grants** Defendant's motion to arbitration (Dkt. No. 7), and stays this action pending arbitration.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

September 1, 2026
Charleston, South Carolina